IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: ASBESTOS PRODUCTS )
LIABILITY LITIGATION )
)
OLGA PAVLICK, Individually, and as )
Personal Representative of the Estate of )       Civil Action No. 10-174-GMS
JOHN PAVLICK, JR., )
)
          Plaintiff, )
)
                    v. )
)
ADVANCE STORES CO., INC. et al., )
)
          Defendants. )

## MEMORANDUM

### I.  INTRODUCTION

The plaintiff Olga Pavlick ("the Plaintiff") filed this lawsuit against several defendants on

behalf of her deceased husband John Pavlick, Jr. ("Pavlick"), who died in 2008 from

mesothelioma.  The Plaintiff originally filed her complaint on January 4, 2010, in the Superior

Court of Delaware, New Castle County; it was removed thereafter to the U.S. District Court for

the District of Delaware on March 4, 2010.  (D.I. 1.)  The case was then transferred to the U.S.

District Court for the Eastern District of Pennsylvania for multidistrict litigation management.

Finally, the case was remanded back to Delaware for resolution of the outstanding issues.

Defendant AM General, LLC ("AM General") is one of two remaining defendants.  The Plaintiff

alleges that Pavlick was exposed to asbestos in military trucks manufactured by AM General

while Pavlick was deployed with the U.S. Army in Germany, in the early 1970s.  The Plaintiff

alleges Pavlick contracted mesothelioma as a result of this exposure.   Her complaint includes

claims for strict liability, negligent design defect, and failure to warn. Before the court is AM General's motion for summary judgment, filed on March, 10, 2014. (D.I. 27.) For the reasons that follow, the court grants AM General's motion.

## II. BACKGROUND

Only minimal background is necessary to address the instant motion. Pavlick was diagnosed with malignant mesothelioma in July 2008, and he died later that year in November. (D.I. 34, Exs. 4, 5.) Pavlick's mesothelioma is believed to have been caused by exposure to asbestos fibers while working with or being in proximity to automobile parts—during his service in the U.S. Army and also while working for a family business dealing with such parts—or while performing home improvement or renovation projections. (D.I. 28, Ex. D, No. 5.)

For a large portion of his career, Pavlick served in the U.S. Army, first as an officer and later as an attorney with the Judge Advocate General's Corps. (*Id.* Ex. D, Nos. 5, 11.) From 1971 to 1974, Pavlick served with the Armored Calvary Regiment in Fulda, Germany, where he supervised repairs and maintenance of several of the vehicles, including 2½- and 5-ton truck varieties.[1] (*Id.* No. 5.) AM General is a known manufacturer and supplier of these truck types for the U.S. Army. (D.I. 34, Ex. 9 ("Camblin Dep.") at 17–18.) The plaintiff contends that the 2½- and 5-ton trucks incorporated parts containing asbestos.

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[1] AM General disputes the extent of Pavlick's involvement in the truck maintenance, but the Plaintiff has put forth evidence of at least some supervisory role. At the summary judgment stage, the court will assume the Plaintiff's version of the facts.

matter of law." Fed. R. Civ. P. 56(c); *see also* Celotex *Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). A fact is material if it "could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011).

There is a genuine issue "if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* When determining whether a genuine issue of material facts exists, the district court must view the evidence in the light most favorable to the nonmoving party and draw inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party must then "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citing Fed. R. Civ. P. 56(e)).

The existence of some evidence in support of the nonmoving party will not be sufficient for denial of a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the nonmoving party must present enough evidence to enable a jury to reasonably find for it on that issue. *Id.* The party opposing summary judgment must present more than just "mere allegations, general denials, or . . . vague statements" to show the existence of a genuine issue. *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). As such, a nonmoving party must support their assertion that a material fact is in dispute by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the

3

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The moving party is entitled to summary judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of its case for which it has the burden of proof. *Celotex*, 477 U.S. at 322.

## IV. DISCUSSION

The focus of the court's inquiry is on the issue of causation: did Pavlick's work with AM General trucks while in Fulda expose him to harmful asbestos. At the summary judgment stage, the court will accept the Plaintiff's assertion that Pavlick's mesothelioma was caused by his exposure to asbestos in 2½- and 5-ton trucks. Nevertheless, the Plaintiff has not provided any evidence that would allow a reasonable jury to find that the trucks in question were manufactured by AM General. There is no genuine dispute of material fact, and summary judgment is appropriate.

It is undisputed that AM General did assemble 2½- and 5-ton trucks for the U.S. Army during the relevant time period. (Camblin Dep. at 17–18.) But AM General argues—and the court agrees—that there is no affirmative evidence in the record establishing that Pavlick worked with AM General trucks in Fulda. Two witnesses who served with Pavlick in Fulda were deposed—Edwin Carlson and Daniel DiLoretto. Neither witness was able to identify whether any of the 2½- and 5-ton trucks there were produced by AM General. (D.I. 34, Ex. 7A ("Carlson Dep.") at 85–86; Ex. 8A ("DiLoretto Dep.") at 117–18.) Moreover, Mr. DiLoretto repeatedly established that the trucks could have been assembled by any number of possible manufacturers: Ford, General Motors, Chrysler, and "maybe American Motors [AM General]." (DiLoretto Dep.

4

at 107, 111, 117–18, 151–52.) Thus, the Plaintiff only offers the *possibility* that Pavlick worked on AM General vehicles in Fulda, but mere speculation is insufficient to raise a genuine dispute of material fact. *See Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 383 n.12 (3d Cir. 1990) ("[A]n inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment."); *Brown ex rel. Estate of Brown v. Philip Morris Inc.*, 228 F. Supp. 2d 506, 514 (D.N.J. 2002) ("Plaintiff, at best, has provided speculative testimony that neither proves nor provides the basis for any inference that decedent consumed that brand of cigarette. Speculation is insufficient to raise genuine issues of material fact concerning whether decedent smoked Kool cigarettes."); *Dunkin' Donuts Inc. v. Patel*, 174 F. Supp. 2d 202 (D.N.J. 2001) ("Genuine issues of material fact cannot be raised by speculation and conclusory allegations.").[2]

The Plaintiff argues that a genuine dispute of material fact exists because AM General's Rule 30(b)(6) corporate designee John Camblin testified that AM General was the "prime contractor" of 2½- and 5-ton trucks for the Army from 1964 through the entirety of Pavlick's service in Fulda. (Camblin Dep. at 17–18.) As explained by Mr. Camblin in his deposition, a prime contractor is simply a "company or organization that is awarded a contract from the U.S. government." (*Id.* at 18.) The term does not necessarily imply exclusivity. Indeed, Mr. Camblin identified White Motor as a competitor during the relevant time period. (*Id.* at 27–28.) Moreover, even if there were a term when AM General served as the exclusive supplier of 2½- and 5-ton trucks to U.S. Army *at large*, the Plaintiff's inference that all of the trucks *in Fulda* were supplied by AM does not follow. Mr. Carlson's and Mr. DiLoretto's testimony confirmed

---

[2] The parties agree that New Jersey law governs this case. (D.I. 28 at 6 n.4.)

that none of the trucks in Fulda were new—Mr. Carlson even referred to them as "venerable."[3] (Carlson Dep. at 134–35; DiLoretto Dep. at 112.) The 2½- and 5-ton trucks are classes of vehicles that had been available in different makes and models before AM General began its manufacturing operations in 1964. (D.I. 28, Ex. F ("Camblin Affidavit"), ¶¶ 5, 7.) Because neither Carlson nor DiLoretto was able to guess how old the trucks were, the court cannot limit its consideration to only trucks manufactured during AM General's contract period. As such, the court is unwilling to draw the Plaintiff's unreasonable inference that AM General was the sole supplier of 2½- and 5-ton trucks to Fulda.

The Plaintiff further argues that the Camblin Affidavit—offering evidence that AM General was not the only manufacturer of 2½- and 5-ton trucks—is a "sham" and should not be considered. The court disagrees. First, it is not apparent that the Camblin Affidavit offers any contradictory evidence from that offered in his deposition. Nowhere did Mr. Camblin state that AM General was the exclusive supplier of 2½- and 5-ton trucks for the U.S. Army; indeed, he identified White Motor as a competitor. (*Id.* at 27–28.) And the Plaintiff does not identify—nor was the court able to locate—any testimony regarding manufacturing of these vehicles prior to AM General's market entrance in 1964. Prime contractor is not synonymous with *sole* contractor. Second, the Plaintiff appears to misunderstand the "sham affidavit" doctrine, which prevents nonmoving parties from fabricating a dispute of material fact in order to avoid summary judgment. *See Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253–54 (3d Cir. 2007) ("[I]f it is clear that an affidavit is offered solely for the purpose of defeating summary judgment, it is proper for the trial judge to conclude that no reasonable jury could accord that affidavit

---

[3] "Q. Do you recall what year they [the trucks] were? A. No, I'm sorry, I don't. They were venerable, let's put it that way. Q. Were any of the two-and-half ton trucks new? A. No. . . . [w]e didn't have any new trucks or Jeeps." (Carlson Dep. at 134–35.)

evidentiary weight and that summary judgment is appropriate."). The court does not see how a party could *eliminate* a genuine dispute of material fact by supplementing the record with additional evidence.

Thus, it is the court's view that, aside from mere speculation and possibility, the Plaintiff has adduced no affirmative evidence that Pavlick's asbestos exposure was the result of his work with AM General vehicles in Fulda. This showing does not amount to a genuine dispute of material fact. The Plaintiff has therefore failed to carry her burden of production such that a reasonable jury could find in her favor at trial. The court grants AM General's motion for summary judgment.[4]

## V. CONCLUSION

For the aforementioned reasons, this court will grant AM General's motion for summary judgment.

Dated: December 9 , 2014

UNITED STATES DISTRICT JUDGE

---

[4] AM General also sought summary judgment pursuant to the "bare metal" defense, which protects manufacturers from liability when third-party component parts containing asbestos are later incorporated into their products. The Plaintiff argues that the bare metal defense does not apply in New Jersey. Although it appears that New Jersey judiciary has recently settled the question that this defense *does* apply in asbestos cases, the court resolves the case on narrower grounds and declines to interpret New Jersey law on this issue. *See Hughes v. A.W. Chesterton Co.*, 89 A.3d 179, 345–46 (N.J. Super. Ct. App. Div. 2014); *Robinson v. Air & Liquid Sys. Corp.*, No. 11-4078 (FSH), 2014 WL 3673030, at *1 (D.N.J. July 23, 2014) ("[T]he Superior Court of New Jersey, Appellate Division has recently recognized the so-called 'bare metal' defense . . . .").